IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **EDGAR RICARDO HERNANDEZ** | § | |
| | § | |
| **V.** | § | **A-10-CA-880-SS** |
| | § | |
| **RICK THALER,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court

pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United

States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to

United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C.

§ 2254 (Document 1). Petitioner, proceeding pro se, has paid the appropriate filing fee. For the

reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus

should be dismissed.

**I.  STATEMENT OF THE CASE**

**A.    Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence

of the 147th Judicial District Court of Travis County, Texas.  Petitioner asserts he was convicted of

indecency with a child and was sentenced to 20 years in prison. Although Petitioner indicates he was

sentenced on July 7, 2005, the Offender Information Detail from the Texas Department of Criminal

Justice indicates he was sentenced on April 9, 2007.  Petitioner appealed his conviction.  However,

his appeal was dismissed on October 8, 2008, pursuant to his motion.  Ex parte Hernandez, Appl.

No. 69,427-01 (Tex. Crim. App. 2008).

Petitioner challenged his conviction in two state applications for habeas corpus relief.  The

first was denied on March 5, 2008, without a written order on the findings of the trial court without

a hearing.  Ex parte Hernandez, Appl. No. 69,427-01 (Tex. Crim. App.).  The second was dismissed

as successive on August 20, 2008.  Id. at -02.

**B.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      He received ineffective assistance of counsel;

2.      The trial court abused its discretion, because it did not have the authority to place
        Petitioner on probation; and

3.      He received an illegal sentence.

## II.  DISCUSSION AND ANALYSIS

**A.      Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-

year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C.

§ 2244(d).  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct
> > review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## B.      Application

Petitioner's direct appeal was dismissed pursuant to his request on October 8, 2008. Hernandez v. State, No. 03-08-00458-CR (Tex. App.–Austin).  Where a habeas petitioner timely appeals his conviction but later dismisses the appeal, nearly every federal court to address the issue has held that the judgment becomes final for limitations purposes on the date the appeal is dismissed. Brown v. Quarterman, No. 3:06-CV-1821-K, 2007 WL 949800 (N.D. Tex. Mar. 28, 2007) (citing Cooper v. Cooke, No. CV-06-00271, 2006 WL 3124907 at *3 (D. Haw. Oct. 30, 2006)); United States v. Sylvester, No. 3-CV-05-286, 2006 WL 695796 at *3 (M.D. Pa. Mar. 17, 2006); Lemons v. Conway, No. CV-05-243, 2006 WL 560642 at *3 (D. Idaho, Mar.  7, 2006); Craddock v. Mohr, No. 99-3756, 2000 WL 658023 at *1 (6th Cir. May 8, 2000). Cf. Boozer v. Quarterman, No. H-06-2784, 2006 WL 2524075 at *2 (S.D. Tex. Aug.31, 2006) (holding, without discussion or analysis, that state conviction became final 30 days after court granted petitioner's motion to voluntarily dismiss appeal).  Regardless of whether Petitioner's conviction became final on October 8, 2008 or 30 days later on November 8, 2008, the federal application is time-barred.

Petitioner's first state habeas application was filed and denied prior to the dismissal of his appeal. Ex parte Hernandez, Appl. No. 69,427-01 (Tex. Crim. App.). Petitioner's second state habeas application was also filed and dismissed prior to the dismissal of his appeal. Id. at -02. Petitioner filed a motion to reconsider the dismissal of his second application on September 15, 2008. Id. The Texas Court of Criminal Appeals disposed of the motion on September 16, 2008, also prior to the dismissal of Petitioner's appeal. Id. As both state applications for habeas corpus relief were filed and decided prior to the dismissal of Petitioner's appeal, they did not operate to toll the limitations period.

On September 22, 2010, more than two years after the Texas Court of Criminal Appeals denied his first state application for habeas corpus relief Petitioner filed a motion to reconsider. The Texas Court of Criminal Appeals disposed of the motion on September 24, 2010, noting no action would be taken. The federal limitations period is tolled for "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" § 2244(d)(2). Texas law provides that "A motion for rehearing an order that denied habeas corpus relief ... may not be filed." TEX. R. APP. P. 79.2(d) (West 2003). However, the Court of Criminal Appeals "has entertained motions for reconsideration, notwithstanding the language in ... Rule 79.2(d)." Emerson v. Johnson, 243 F.3d 931, 934 (5th Cir. 2001). When a motion for rehearing is properly filed within the § 2244(d) limitations period, that period is tolled from the date of the habeas denial, as if the motion for rehearing is a further step in the state habeas process. Lookingbill v. Cockrell, 293 F.3d 256, 261 (5th Cir. 2002); Emerson, 243 F.3d at 935; see Melancon v. Kaylo, 259 F.3d 401, 406-07 (5th Cir. 2001) (the intervals between disposition of state habeas application and timely filing of an application for review at the next level are not counted);

Gordon v. Dretke, 107 Fed. App'x 404, 406 (5th Cir. 2004) (noting that a motion to reconsider denial of state habeas application was filed after the expiration of the § 2244(d) limitations period, distinguishing case from Emerson and Lookingbill ). The limitations period is tolled "only as long as the Texas courts take to resolve the motion or suggestion for reconsideration." Emerson, 243 F.3d at 935.

Petitioner filed his motion for reconsideration after the limitations period had already expired. As such, Petitioner cannot revive an already expired limitations period by filing a motion for reconsideration with the Texas Court of Criminal Appeals. Gordon, 107 Fed. App'x at 406; see also Wilson v. Dretke, No. 3:04-CV-0933-R, 2005 WL 3534221 (N.D. Tex. Nov. 30, 2005) (holding the petitioner's motion for reconsideration did not toll the limitations period because it was filed after the limitations period had already expired).[1]

Petitioner did not execute his federal application for habeas corpus relief until November 5, 2010, after the expiration of the limitations period.  The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

---

[1] The Fifth Circuit denied Wilson a certificate of appealability on February 2, 2006, and the Supreme Court denied Wilson's petition for writ of certiorari on October 1, 2007.  Wilson v. Quarterman, No. 06-10508 (5th Cir. 2006), cert. denied, 128 S. Ct. 62 (2007).

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed as time-barred.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

Here, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to

deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  Accordingly,

it is recommended that the Court not issue a certificate of appealability.

### V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing

objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections.

Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations

contained in this Report within fourteen (14) days after the party is served with a copy of the Report

shall bar that party from de novo review by the district court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct.

466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and

Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return

receipt requested.

SIGNED this 23rd day of November, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE